## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | | |
|---|---|---|
| Case No. | 8:25-cv-02766-SSS-DFM | Date: June 9, 2026 |
| Title | Bryan Edward Kaye v. Alexander Kyle Shaaban et al. | |

| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge |
|---|---|
| Nancy Boehme | Court Reporter |
| Deputy Clerk | Not Present |
| Attorney(s) for Plaintiff(s): | Attorney(s) for Defendant(s): |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) Order to Show Cause Re: Adequacy of Service**

Plaintiff has sued District Attorney Todd Spitzer and Deputy District Attorney Kyle Shaaban in their individual and official capacities. See Dkt. 1. On May 14, 2026, Plaintiff filed Proofs of Service indicating that the Summons and Complaint were personally served on Defendants. See Dkts. 9 (Spitzer), 10 (Shaaban). The deadline for Defendants to file a responsive pleading has passed, and Defendants have neither appeared in this action nor filed any responsive pleading. To date, Plaintiff has not requested an Entry of Default.

Before a court may exercise personal jurisdiction over a defendant, the procedural requirements of service of summons must be satisfied. See Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987). The Court has a duty to examine whether service of process was proper, particularly before entertaining any potential entry of default.

A suit against a government official in their official capacity is treated as a suit against the government entity itself. Under Federal Rule of Civil Procedure 4(j)(2), a state or local government must be served by either: (A) delivering a copy of the summons and complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant. Under California state law, serving a public entity requires delivering the summons and complaint to the clerk, secretary, president, presiding officer, or other head of its governing body. See Cal. Code Civ. Proc. § 416.50(a). While California allows substitute service on a public entity by leaving the documents with a person "apparently in charge" of the authorized officer's office, such service requires subsequently mailing a copy to the authorized person and executing a specific declaration of mailing. See id. § 415.20(a).

Under Federal Rule of Civil Procedure 4(e), an individual may be served by: (1) following state law for serving a summons; (2) delivering a copy of the summons and of the

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

complaint to the individual personally; (3) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (4) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Here, Plaintiff has sued Defendants in both their official and individual capacities. The Proofs of Service state that the process server "personally served" the individuals at the District Attorney's Office. Given the secure nature of a District Attorney's office, it is highly unlikely that a process server was permitted to bypass security and physically hand the Summons and Complaint to the Defendants directly. If the documents were left with a receptionist or a mailroom clerk, checking the box for "personal service" on the individual is factually inaccurate.

Accordingly, the Court **ORDERS** Plaintiff to show cause in writing, within fourteen (14) days, why the service of process as to Defendants in both their official and individual capacities should not be quashed for failure to comply with Federal Rule of Civil Procedure 4(e) and 4(j)(2).

Plaintiff may discharge this Order by filing a supplemental declaration from the process server detailing the exact circumstances of the service. This declaration must include the name and title of the specific person who physically received the documents and set forth the legal authority demonstrating that this method of service was proper for both the official and individual capacity claims.

Alternatively, if Plaintiff concedes that service was defective, Plaintiff may request an extension of time to effectuate proper service under Rule 4(m).

Failure to timely respond to this Order will result in the dismissal of the claims against Defendants without prejudice.